## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEFFERSON FINANCIAL**                                **CIVIL ACTION**
**FEDERAL CREDIT UNION**

**VERSUS**                                              **NO. 24-1085**

**SOLUTIONS THROUGH SALES, LLC, ET AL.**               **SECTION "O"**

## ORDER AND REASONS

Before the Court in this suit on a promissory note removed from state court
under 28 U.S.C. § 1441(a) is the motion[1] of Defendants/Third-Party Plaintiffs
Solutions Through Sales, LLC ("STS") and Joseph E. Hermo to remand and to award
fees under 28 U.S.C. § 1447(c). Third-Party Defendants Jeffrey A. Jones and Vega,
Jones & Dubois, APLC (the "Firm") removed this case under Section 1441(a) based
on federal-question jurisdiction under 28 U.S.C. § 1331. But blackletter law barred
the removal: It has been settled for nearly six years that a third-party defendant "is
not a 'defendant' who can remove under § 1441(a)." *Home Depot U.S.A., Inc. v.
Jackson*, 587 U.S. 435, 444 (2019). As Third-Party Defendants brought into the state-
court case by the original Defendants, STS and Hermo, Jones and the Firm could not
properly remove this case. *See id.* But even if they could have, the removal was late.
Because blackletter law barred the removal, and because the removal was untimely
to boot, Jones and the Firm lacked an objectively reasonable basis for removal. A
Section 1447(c) award is appropriate. Accordingly, for these reasons and those that
follow, the motion to remand and for a Section 1447(c) award is **GRANTED**.

---

[1] ECF No. 7. Although the notice of removal does not cite Section 1441(a), Jones and the Firm
do not dispute that they removed this case under that provision. *See* ECF No. 9.

# I.    BACKGROUND

STS and Hermo challenge the timeliness of Jones and the Firm's removal of this action on a promissory note. So dates are important.

In March 2022, Jefferson Financial Federal Credit Union sued STS and Hermo on a promissory note in Orleans Parish Civil District Court.[2]

In June 2022, STS and Hermo brought a reconventional demand—*i.e.*, a counterclaim—against Jefferson Financial Federal Credit Union, alleging (among other claims) violations of the Fair Debt Collection Practices Act.[3]

In February 2024, STS and Hermo amended that reconventional demand and added a third-party demand against Jones and the Firm.[4] In the third-party demand, STS and Hermo brought claims against Jones and the Firm under Louisiana Civil Code Article 2315 and the Fair Debt Collection Practices Act.[5] It is undisputed that Jones and the Firm were served with that third-party demand on March 27, 2024.[6]

Jones and the Firm removed the case to this Court on April 29.[7] In so doing, they invoked federal-question jurisdiction based on the Fair Debt Collection Practices Act claim asserted against them by way of the third-party demand.[8]

Now, STS and Hermo move to remand; they also ask the Court for a Section 1447(c) award.[9] Jones and the Firm oppose.[10]

---

[2] ECF No. 1-3.
[3] ECF No. 1-2.
[4] ECF No. 1-1 at 1–6.
[5] *Id.* at 3–6.
[6] *Id.* at 1; *see also* ECF No. 1 at ¶ 4.
[7] ECF No. 1.
[8] *Id.* at ¶ 7.
[9] ECF No. 7.
[10] ECF No. 9.

## II.   ANALYSIS

The Court remands this case under Section 1447(c) for two independent reasons.[11] First and most fundamentally, Jones and the Firm could not properly remove this case under Section 1441(a) because they are named Third-Party Defendants in the state-court action, and the Supreme Court has squarely held that third-party defendants are not "'defendant[s]' who can remove under § 1441(a)." *Home Depot U.S.A., Inc.*, 587 U.S. at 444.[12] That is hornbook law. *See* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3730 (Rev. 4th ed.) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court[.]").[13]

Second, even if Jones and the Firm could have removed this case in theory, they failed to properly do so in fact: The removal was late. To be timely, the notice of removal had to be filed by April 26, 2024—"within 30 days after" Jones and the Firm received the third-party demand on March 27. *See* 28 U.S.C. § 1446(b)(1). But Jones

---

[11] Because an original plaintiff like Jefferson Financial Federal Credit Union is not a "defendant" within the meaning of the removal statutes, *see Home Depot U.S.A., Inc.*, 587 U.S. at 437, 444,  and because the Court remands the case on two other independent grounds, the Court does not reach the argument that remand is required because Jones and the Firm failed to obtain Jefferson Financial Federal Credit Union's consent to the removal under Section 1446(b)(2)(A).

[12] To be sure, the parties did not identify and brief this problem with the removal. But that does not absolve the Court of its obligation to correctly interpret Section 1441(a). *See generally Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

[13] Jones and the Firm did not cite Section 1441(c) in their notice of removal and make no argument that they attempted to remove this case under Section 1441(c); any argument on that point is therefore forfeited. *See, e.g.*, *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 574 (5th Cir. 2021) (holding that a party forfeited an argument on an issue by failing to adequately brief it).

and the Firm filed the notice of removal on April 29.[14] Because Jones and the Firm failed to timely remove this case, remand is required for this independent reason.

Jones and the Firm filed a two-page opposition brief that fails to convince the Court that they properly removed this case.[15] First, without explanation or citation, Jones and the Firm declare "the removal was filed timely, despite the argument of the counterclaimant."[16] This argument is as unpersuasive as it is unexplained.

Second, Jones and the Firm "argue that the delay is for good cause," and the Court should keep this case "in the interest of justice and judicial economy."[17] But they do not explain how there is "good cause" for their tardy notice of removal, and they cite nothing empowering the Court to ignore the requirements for removal under Section 1441(a) and Section 1446(b) "in the interest of justice and judicial economy."[18]

Third, Jones and the Firm say this case "should be decided in federal court" because it features a federal claim.[19] But the mere presence of a federal claim does not absolve removing defendants of their obligation to comply with the statutory requirements for removal; neither Section 1441(a) nor Section 1446(b) contains a carve-out for federal-question cases. If Congress had intended to exempt federal-question cases from the requirements of Section 1441(a) and Section 1446(b), "surely it would have said so explicitly." *F.D.I.C. v. Loyd*, 955 F.2d 316, 325 (5th Cir. 1992).

---

[14] ECF No. 1.
[15] ECF No. 9.
[16] *Id.* at 1.
[17] *Id.*
[18] *Id.*
[19] *Id.*

Finally, Jones and the Firm contend the removal clock started to tick on April 26, 2024, when there was a state-court hearing on a motion that "would have terminated the case" if it had been granted.[20] This argument fails. Jones and the Firm cite nothing to support it, and it clashes with the plain text of Section 1446(b)(1).

The Court's conclusion that remand is required does not end the inquiry; STS and Hermo also ask for a Section 1447(c) award of $1,375.[21]

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]here is no automatic entitlement to an award of attorney's fees" under Section 1447(c). *Am. Airlines, Inc. v. Sabre, Inc.* 694 F.3d 539, 541 (5th Cir. 2012) (quotation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

"If no objectively reasonable basis [for removal] was present, costs and fees are proper, but not otherwise." *Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 533 (5th Cir. 2020) (citing *Martin*, 546 U.S. at 141). Whether to award costs and fees under Section 1447(c) "is a discretionary decision." *Id.* (citing *Martin*, 546 U.S. at 141). A court "may award fees" under Section 1447(c) "even if [the] removal is made in subjective good faith." *Am. Airlines, Inc.*, 694 F.3d at 542 n.2 (quotation omitted).

---

[20] *Id.* at 2.
[21] ECF No. 7-2 at 2–3. STS and Hermo originally asked for $1,000 in attorney's fees based on four hours of work (two hours of research, two hours of drafting) at an hourly rate of $250. *Id.* In their reply, STS and Hermo ask for an additional $375 based on the hour-and-a-half their counsel spent drafting the reply to Jones and the Firm's remand opposition. ECF No. 10 at 3. STS and Hermo do not request costs or any expenses other than attorney's fees. *See generally* ECF No. 7-2; ECF No. 10.

5

A Section 1447(c) award "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. Section 1447(c) "does not embody either a strong preference for or a strong preference against fee awards." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009).

Applying those principles, the Court finds in its discretion that a Section 1447(c) award is appropriate because Jones and the Firm lacked an objectively reasonable basis for removal. That is for at least two independent reasons. First, blackletter law barred removal under Section 1441(a) because Jones and the Firm are named Third-Party Defendants. *Home Depot U.S.A., Inc.*, 587 U.S. at 444. Second, Jones and the Firm lacked an objectively reasonable basis to think the removal was timely; as Judge Vance recently underscored, "[t]he law" on Section 1446(b)(1)'s thirty-day removal clock is "clear." *Koeppel v. Shamrock Enters., Inc. of Ala.*, No. 24-CV-927, 2024 WL 2765005, at *3 (E.D. La. May 30, 2024) (Vance, J.). The meritless arguments—unburdened by citation to authority—that Jones and the Firm advance in their two-page opposition to the motion to remand only underscore that Jones and the Firm lacked an objectively reasonable basis to remove this case. Finally, even if true, Jones and the Firm's insistence that "[t]he filing was in good faith"[22] does not mean that Jones and the Firm had an objectively reasonable basis for removing this case. *See Am. Airlines, Inc.*, 694 F.3d at 542 n.2 (quotation omitted). They did not.

---

[22] ECF No. 9 at 1.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that STS and Hermo's motion to remand and for a Section 1447(c) award is **GRANTED**. This case is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, under 28 U.S.C. § 1447(c). The Court retains jurisdiction solely with respect to the award under Section 1447(c). *See Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004) (per curiam).

**IT IS FURTHER ORDERED** that counsel must meaningfully confer in good faith and try to agree on the amount of the award. The Court will be disinclined to approve an award exceeding the $1,375 that STS and Hermo have requested in their briefing to this Court. If the parties agree on the amount of the award, they must file a joint motion for an order setting the amount of the award within 7 days. If the parties are unable to agree on the amount of the award after meaningful conferral, STS and Hermo must file within 14 days a memorandum—not a motion— detailing the "just costs" and "actual expenses, including attorney fees" that STS and Hermo "incurred as a result of the removal" and an affidavit or declaration supporting the reasonableness and necessity of them. 28 U.S.C. § 1447(c). If such a memorandum is properly filed, the Court will afford Jones and the Firm an opportunity to respond.

New Orleans, Louisiana, this 25th day of March, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE